AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>Andrew Robert MacCabe<br><br>*Defendant* | )<br>)<br>) Case No. 12MJ349<br>)<br>)<br>) |

FILED
SEP - 7 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 05/10/2012 in the county of Prince Edward in the Eastern District District of Virginia, the defendant violated Title 21 U. S. C. § 841(a)(1), (b)(1)(B) & 846, an offense described as follows:

Defendant did knowingly, unlawfully and intentionally combine, conspire, confederate and agree with others, within the Eastern District of Virginia, to possess with the intent to distribute 100 or more marijuana plants.

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Tyler B. Cary/Task Force Officer
Printed name and title

Sworn to before me and signed in my presence.

Date: September 7, 2012

/S/
David J. Novak
United States Magistrate Judge
Judge's signature

City and state: Richmond, Virginia

_____
Printed name and title

SEP - 7 2012

Case 3:12-mj-00349-MHL   Document 1   Filed 09/07/12   Page 2 of 11 PageID# 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

### AFFIDAVIT

I, Tyler B. Cary a Task Force Officer with the Drug Enforcement Administration (DEA), Department of Justice, Eastern District of Virginia, being duly sworn, states as follows:

1. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am therefore, an officer of the United States who is empowered to conduct investigation of, and to make arrest for, the offenses enumerated in Title 21. I am a Narcotics Investigator with the Hanover County Sheriff's Office and have been employed there since December 2003. I was assigned to the DEA as a Task Force Officer (TFO) in October 2010. I have conducted investigations into the unlawful possession, possession with the intent to distribute, distribution of controlled substances, money laundering, and the associated conspiracies in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 1956.

2. I present this affidavit in support of the attached criminal complaint charging Andrew MCCABE, DOB 07/16/1987, with conspiracy to manufacture, possess with intent to distribute and distribute 100 or more marijuana plants, in violation of Title 21, United States Code, §§ 841 (a) (1) and (b) (1) (B), and Title 21, United States Code, § 846. The facts set forth in this affidavit are based on my personal participation in this investigation and from information provided by Special Agents, Task Force Agents, and Police Officers (collectively referred to as the "Agents") from various federal, state, and local law enforcement agencies, and on my experience, training, and background as a DEA TFO. This affidavit is prepared solely for establishing probable cause to support this criminal complaint

for Andrew MACCABE. I have not included every fact known to me concerning this investigation and have set forth only the facts necessary for establishing probable cause to support this criminal complaint.

## PROBABLE CAUSE

3. On May 10, 2012, the Virginia State Police (VSP) obtained and executed a Commonwealth of Virginia Search Warrant in Prince Edward County at 2492 Lockett Road, Rice, Virginia 23966. The VSP, Drug Enforcement Administration (DEA), along with state and local agencies, hereby referred to as Agents, participated in the execution of the search warrant at 2492 Lockett Road. Upon execution of the search warrant, David VARDARO, Mark ELLIOTT, and Andrew MACABE were present at the target residence. On this day, Agents discovered an elaborate indoor hydroponic marijuana grow operation. DEA Task Force Officer (TFO) Tyler Cary observed that the target residence had three bedrooms, two and a half baths, living area, kitchen, and utility room. It was determined that VARDARO, ELLIOTT, and MACCABE each had their own bedroom in the target residence. TFO Cary observed that the target residence also had a large metal outbuilding (shop) located off the target residence. The outbuilding could be accessed by two doors. A standard door located on the side of the structure as well as a garage door on the front/driveway side. The outbuilding was structurally separated into three sections on the main floor. As you entered the structure from the side door or garage door, you entered the smallest section of the outbuilding. Another door led into a second section, where there were the marijuana mother plants and several storage racks that held cloned marijuana plants were located. The second section also contained an open smaller closet area along with various supplies and equipment. There was a set of stairs located in the second section that went up to the

second level, where additional supplies and ventilation tubing were stored. Another door led from the second section back into the biggest section within the outbuilding. This area contained all the flowering plants, lights, fans, and extensive electrical wiring to power all of the equipment. TFO Cary observed that outside of the outbuilding were two trailers that had equipment for the marijuana growing operation. There was a PJ Manufacturing 2 axle utility trailer, VIN 4P5CH162952065483, with a Pramac Diesel Generator, serial number PEE2367589. The generator was used to supply power to the outbuilding. Another trailer, a Mid Atlantic Utility Trailer, VIN 5ANNA08197R01887, with a Delta Consolidated Industries 100 gallon fuel transfer tank, serial number 235574, was used to supply fuel for the generator.

4.  TFO Cary and Virginia State Police Special Agent Dwayne Tuggle performed the actual plant count. VSP Tuggle physically counted the marijuana plants from each of the three outbuilding sections. VSP Tuggle began counting the marijuana plants pulled from the third section first, then the second section, followed by the previously harvested marijuana plants with root balls, which were found in the first section. TFO Cary video recorded the entire plant count. TFO Cary and VSP Tuggle physically counted 645 marijuana plants. Agents also seized approximately six pounds of harvested marijuana packaged for distribution, cash, 17 firearms, financial documents, powder cocaine, computers, cell phones, marijuana cultivation equipment, and personal property obtained from the proceeds of drug transactions.

5.  On May 11, 2012, your affiant interviewed all three subjects about the aforementioned facts. At approximately 1:28 a.m., DEA Special Agent (SA) Jason Thompson advised MACCABE of his Miranda rights. MACCABE stated, "Yes sir"

when asked by SA Thompson if he understood his rights, and "Yeah" when asked if he was willing to answer questions. During his post Miranda statement, MACCABE told agents he moved here from Hawaii and initially lived with his sister in Farmville. MACCABE met David VARDARO while he was a manager at the Quizno's in late 2007. MACCABE said VARDARO frequently came in Quizno's. VARDARO eventually asked MACCABE to go fishing and while they were fishing, VARDARO asked MACCABE to come work for him. During the conversation, VARDARO asked MACCABE if he cared about how he made money. VARDARO offered MACCABE a job pruning marijuana plants. MACCABE stated VARDARO paid him $100.00 for a day's work. MACCABE could not recall exactly how often he initially worked for VARDARO pruning plants.

6.  MACCABE stated he later moved into the house at 2492 Lockett Road, Rice, VA 23966 and kept tending to the marijuana plants while living at the house. In 2008, while MACCABE was living at the residence and tending to the marijuana growing operation, he ran 12 tables at a time. MACCABE indicated that a table consisted of one of the black hydroponic tables found in the marijuana grow, where there were 36 holes, consisting of six rows of six6. During this time, VARDARO paid MACCABE $500.00 per table. MACCABE stated he could produce a harvest every 45 days. During the last eight months of working for VARDARO in 2008, MACCABE said he never saw VARDARO at 2492 Lockett Road. MACCABE said he would plant, prune, and harvest everything. MACCABE would then drive the harvested marijuana to David in North Carolina. MACCABE would meet VARDARO at the house in North Carolina and give him the harvested marijuana. On one occasion in 2008, MACCABE said after taking the harvested marijuana to VARDARO in North Carolina that VARDARO asked him to meet a

subject named Black Mark in a hospital parking lot in Virginia Beach, Virginia. MACCABE said he took the marijuana, which was packaged in gallon ziplock bags, to Virginia Beach. MACCABE said once he took the marijuana to VARDARO, VARDARO would take possession of the marijuana and then pay him weeks later.

7. MACCABE gave the following example regarding the net yield from a marijuana grow cycle at 2492 Lockett Road. MACCABE said with six tables and a perfect yield that he could get six pounds of marijuana. MACCABE said he mostly got three to four pounds from six tables. MACCABE said the marijuana was grown in stages and he could stagger the plants, in order to consistently harvest marijuana ever

8. MACCABE said that during the last eight months of working for VARDARO at 2492 Lockett Road, VARDARO left a Tec-9 gun in the shop above the door. Andrew said the gun made him feel safe. MACCABE said after several months, VARDARO came back to 2492 Lockett Road and saw the gun hanging above the shop door. MACCABE said VARDARO commented that he had been looking for that gun and had forgotten he had left it in the shop.

9. MACCABE said the large generator beside the shop was there during the period he lived at 2492 Lockett Road and tended to the marijuana plants. MACCABE said VARDARO bought the generator from Bryan LNU who is a friend of VARDARO and an electrician. MACCABE said Bryan has been out to 2492 Lockett Road to do electrical work. MACCABE mentioned another individual named, John LNU who is Bryan's brother and also does electrical work. MACCABE said John and Bryan work/own an electrical company. MACCABE last saw John at VARDARO's house in November in North Carolina.

10. According to MACCABE, the residence at 2492 Lockett Road is owned by Christy Forrester. Christy is married to Matt Forrester. MACCABE stated that Matt is friends with VARDARO. MACCABE has not seen Matt since he stopped working for VARDARO in 2009.

11. In 2009, MACCABE was arrested for DUI and Possession of Marijuana. Afterward, MACCABE stopped working for VARDARO and moved out of the house. MACCABE said he moved into a house in Farmville with three other friends in 2009 to 2010. MACCABE said he worked at Lowes and Longwood after he stopped working for VARDARO. MACCABE said Mark ELLIOTT began taking care of the marijuana grow after he quit. MACCABE said ELLIOTT moved into 2492 Lockett Road after he left.

12. MACCABE said he went for about two years not working for VARDARO. MACCABE said he did not speak to VARDARO for about a year, but eventually VARDARO began calling MACCABE again. MACCABE said he was working at TGIF in Richmond, Virginia around April 2011. During their conversations, VARDARO asked MACCABE if he wanted to move into a house in Chesapeake, Virginia. MACCABE said the house was vacant and that he did not have any money, so he asked VARDARO about growing marijuana in Chesapeake to make money. After moving into the Chesapeake house, MACCABE went to visit VARDARO in North Carolina in October 2011. While MACCABE was away, the house in Chesapeake caught on fire.

13. MACCABE stated he moved back out to the house at 2492 Lockett Road in January 2012. MACCABE said he began tending to the marijuana plants when he got back to the house. MACCABE said both he and ELLIOTT cared for and pruned the plants. MACCABE said VARDARO does not prune. MACCABE said VARDARO paid him

$150.00 per pound of pruned marijuana. MACCABE said Orange, Ganny, Super Skunk, and White Russian marijuana was being grown. MACCABE said VARDARO was selling the marijuana for about $5,800.00 a pound. MACCABE said they were set up to do six harvests a year. According to MACCABE, after the marijuana was harvested, VARDARO would leave in the Volvo early in the morning around 4:00 a.m. to drive to Virginia Beach to sell the marijuana.

14. MACCABE said the second section of the outbuilding was set up for the mom and clone plants and the back room/third section was the flowering room. MACCABE said they would start the plants in every other hole of the table and they split the plants after two weeks. MACCABE said he was in the first room today and that May 2 or 3 was the last time he was in the flowering room. MACCABE said VARDARO orders everything on EBay.

15. MACCABE said all of the guns were in ELLIOTT's room. MACCABE said all of the guns belonging to VARDARO were taken when the police raided VARDARO's house in North Carolina in November 2011.

16. MACCABE said VARDARO has also been living at the 2492 Lockett Road house since January 2012. MACCABE said he used the bedroom where we were conducting the interview and that VARDARO uses the room across the hall.

17. At the conclusion of the interviews, VSP SA Keith Kincaid obtained felony arrest warrants for manufacturing marijuana in violation of Code of Virginia section 18.2-248.1 for David VARDARO, Mark ELLIOTT, and Andrew MACCABE. On May 15, 2012, VSP SA Keith Kincaid obtained additional charges against all three subjects for possession of a firearm while in possession of marijuana in excess of 1 pound in violation of Code of

Virginia section 18.2-308.4. Additionally, Mark ELLIOTT was charged with possession of cocaine in violation of Code of Virginia section 18.2-250 and possession of a firearm while in possession of a controlled substance in violation of Code of Virginia section 18.2-308.4.

18. The marijuana plants were sent to the Virginia Department of Forensic Science, where they were analyzed and determined to contain marijuana, a Schedule I controlled substance.

## CONCLUSION

19. Based upon the above facts and my training and experience, I believe probable cause exists to believe that on or about May 10, 2012, Andrew MACCABE did unlawfully, knowingly, and intentionally combine, conspire, confederate and agree with others, within the Eastern District of Virginia, to possess with intent to distribute and distribute 100 or more marijuana plants, in violation of Title 21, United States Code, §§ 841 (a) (1) and (b) (1) (B) and Title 21, United States Code, § 846.

20. I respectfully request that an arrest warrant be issued, authorizing any agent of the Drug Enforcement Administration, with proper assistance, to execute the arrest of Andrew MACCABE for violation of Title 21, United States Code, §§ 841 (a) (1) and (b) (1) (B), and Title 21, United States Code, § 846.

21. I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

*[signature]*
Tyler B. Cary, Task Force Officer
Drug Enforcement Administration

Sworn before me on September 7, 2012
In the City of Richmond, Virginia

/S/
David J. Novak
United States Magistrate Judge
David J. Novak
United States Magistrate Judge

Reviewed + Approved.
*[signature]*
SPECIAL ASSISTANT UNITED STATES ATTORNEY